### ANDERSON et al. v. ST. LOUIS COKE & IRON CORPORATION et al.
### (EVANS, Intervener). *
### No. 5684.

Circuit Court of Appeals, Third Circuit.

July 23, 1935.

Rehearing Denied Sept. 9, 1935.

Ford W. Thompson, of St. Louis, Mo., for appellants.

*Writ of certiorari denied 56 S. Ct. 382, 80 L. Ed. —.

Daniel O. Hastings and Harry W. Lunger, both of Wilmington, Del., Joseph T. Davis, of St. Louis, Mo., and Hastings, Stockly & Duffy, of Wilmington, Del., for appellees.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

As stated by the court below: "The crucial question is whether the Coke Corporation received fair consideration for its assets. It is unnecessary to analyze the mass of balance sheets, reports, and financial statements in evidence. It is sufficient to point out a few outstanding facts." 9 F. Supp. 69, 73. But notwithstanding the court's statement that it was unnecessary to thus analyze balance sheets, reports, and financial statements, a study of its exhaustive opinion shows that in deciding the case it did have a comprehensive and accurate grasp of the decisive basic facts which led it to conclude that the sale should be approved.

Opposition to the sale is made by 2 per cent. of the common stockholders, who receive $20 per share, and approval of the sale is contended for by 90 per cent. of the preferred stockholders. We are satisfied the sale thus asked for by the preferred stockholders, who alone have the voting power, was a most fortunate one for all shareholders. The enterprise never had succeeded; in its most favorable years it had not earned dividends on its preferred stock; it was deeply involved; and we are satisfied, unless this sale was effected, the company had no future. Its operations under different corporate forms from 1917 to 1923 were conducted at a loss; it was always in financial difficulties; its credit was exhausted; it passed through receivership. In 1926 its liabilities exceeded its assets by half a million dollars. It had no market for its surplus electricity and for the surplus gas from coking. The sale involved no fraud, and, without discussing the many factors which showed the wisdom of the sale as made, we are firmly of opinion the sale was an honorable, wise, and business-like exercise of power.

The opinion of the court below so entered into details in support of its rightness that further restatement is needless. Its decree dismissing the bill is affirmed.